## MT. OLIVE COAL COMPANY

### v.

## PATRICK HUGHES.

*Jurisdiction—Service on Corporations—When May Be by Publication —Construction of Statutes—Plea to Jurisdiction—Judgment of Respondeat Ouster—When Objection to Jurisdiction not Waived by Pleading to Merits.*

1. The language of Sec. 4, Chap. 110, of the Practice Act. authorizing service on corporations by publication in certain cases, is to be so con-

strued as to render it in harmony with Sec. 2 of the Practice Act, and does not authorize service on a corporation by publication, except in the county where it has its residence.

2.   Where a demurrer to a plea to the jurisdiction is sustained, and a judgment of *respondeat ouster* entered, and the defendant duly excepts, it may plead to the merits without waiving its right to assign as error the judgment of the court in sustaining the demurrer.

[Opinion filed September 9, 1892.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. BENJAMIN H. CANBY, Judge, presiding.

Messrs. CONKLING & GROUT and M. D. BAKER, for appellant.

Messrs. F. G. COCKRELL and M. MILLARD, for appellee.

MR. JUSTICE SAMPLE.   This suit was begun by appellee in the City Court of East St. Louis, in the county of St. Clair, to recover damages for a personal injury.   The appellant is a corporation organized under the laws of Illinois, which owned and operated a coal mine in the county of Macoupin, where the appellee was injured.   Its principal office was and is at Springfield, in Sangamon County.   Two writs of summons were issued out of the court in St. Clair County, and delivered to the sheriff thereof to serve upon the appellant, who returned them "not found."   Thereupon an affidavit was caused to be filed by the appellee in said court, that the defendant was a non-resident of St. Clair County, and that none of its officers or agents could be found in said county, upon whom service of process could be obtained, and that its principal office, place of business and post office address was Mt. Olive in Macoupin County, Illinois. Whereupon publication was made as provided by Sec. 4 of Chap. 110, and a copy thereof was mailed to the defendant at Mt. Olive in Macoupin County, by the clerk of said court.   The defendant on the first day of the next term of said court, limiting its appearance for that purpose, filed its plea in proper form to the jurisdiction of said court, on

the ground as therein set forth, that the cause of action, if
any, did not arise within the jurisdiction of said court, but
arose in the county of Macoupin in said State; further that
defendant was a corporation under the laws of Illinois, and
that it is and was at the time of the supposed grievances
the owner of and operating a coal mine in said Macoupin
County, near Mt. Olive, with its principal office at Spring-
field in Sangamon County; that it does not nor never did
reside or do business in St. Clair County; that before and
at the time of said suit, and still, it has and had offices and
agents in said counties of Macoupin and Sangamon, where
and upon whom process could have been served; that it did
not at the time this suit was commenced, nor has it had
since any officer, agent or other person in said county of St.
Clair, upon whom process could be served; that the defend-
ant has not in the county of St. Clair or in any other county,
been served with process, but that it received a notice by
mail from the clerk of said court of St. Clair County, that
unless it appeared in said court and pleaded to the declara-
tion filed in said cause a default would be taken against it and
judgment entered, etc.; that in each of said counties of
Macoupin and Sangamon there were courts having juris-
diction of the defendant and of the subject-matter of said
suit, all of which it was ready to verify, wherefore it prayed
judgment, etc.

To this plea the plaintiff filed a general demurrer, which
the court sustained and entered judgment of *respondeat
ouster*, to which the defendant excepted. It thereupon
filed its plea of not guilty, and the cause proceeded to trial
before a jury, which brought in a verdict of guilty and
assessed damages against the defendant of $5,441.75. A
motion for a new trial and in arrest of judgment was over-
ruled, exceptions taken and judgment entered on the ver-
dict, from which this appeal is prosecuted with the usual
assignments of error and the additional one that the court
erred in sustaining a demurrer to the plea to the jurisdic-
tion of the court. As this assignment of error lies at the
threshold of the case, we will first consider it.

Mt. Olive Coal Co. v. Hughes.

The plea presents the direct question, whether, under the facts in it averred, the plaintiff obtained personal jurisdiction of the defendant by publication. It is asserted by counsel for appellee that the publication was expressly authorized by Sec. 4, Chap. 110 of the Practice Act. That section, after providing how an incorporated company may be served with process and upon whom the same may be served, further declares that in case the proper officer shall make return upon such process, that he can not in his county find any clerk, secretary, superintendent, general agent, cashier, principal director, engineer, conductor, station agent or any other agent of said company, *then* such company may be notified by publication and mail in like manner and with like effect as is provided in sections 12 and 13 of an act entitled, "An act to regulate the practice in courts of chancery, approved March 15, 1872." This section, as it now is, was engrafted upon our statutes in 1877. At the same time section 2 of the Practice Act, was amended by enlarging the range of process as to bridge companies, but otherwise re-enacting, with slight verbal changes, that part of section 2 hereafter quoted as it had stood in our statute books for many years, viz.: "It shall not be lawful for *any* plaintiff to sue *any* defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law, where there is more than one defendant, the plaintiff commencing his action where either of the defendants reside, may have his writ or writs issued, directed to any county or counties where the other defendants, or either of them, may be found." These two sections being found in the same act, should be so construed that both may stand. Section 2 clearly declares that a defendant who does not come within either of the exceptions mentioned in this section, can not be sued out of the county where he resides or may be found. It shall not be lawful so to do, is the language of the law.

Its provisions in this regard are not of a directory but of a mandatory nature. It is true that the attention of the court must be called to the fact, or the defendant will be

deemed to have submitted to the jurisdiction; yet when so done in a proper manner, the prohibition is explicit, unequivocal and peremptory. There can be no doubt as to the legislative intention in the use of the words. They include all kinds of plaintiffs and defendants, natural and artificial persons alike. They are expressive of the intent of the law-making power, at the same time and in the same amendatory act—reaffirmed by re-enactment—as the amendment to section 4 in the act of 1877, on which the appellee so confidently relies. In the light of this clear and positive expression of the legislature, the amendment of 1877 to section 4 must be viewed. When so done it will be noted that section 4 does not of itself relate to the residence of the person of the defendant, which gives the court jurisdiction, but rather to the method by which a certain kind of person may be lawfully served or brought into court. While it is true it provides that if the process issued shall be returned not found by the proper officer, that " then such company may be notified by publication," yet this provision necessarily presupposes that the suit is instituted in the county of the incorporated company's residence. The warrant for this assumption is found in the express language of section 2, and that rule of law that requires that both sections should be so construed that they may consistently stand together, at the same time expressing the legislative intent. An incorporated company can no more exist without a residence than a natural person. It can not become incorporated under the laws of Illinois without naming in its preliminary statement, which is filed with the secretary of state, the location of its principal office. This is one residence.

It may have more than one, so far as it pertains to the service of process. As is said in the case of Bristol v. The C. & A. R. R. Co., 15 Ill. 437, the residence of a corporation is necessarily where it exercises corporate functions. It dwells in the place where its business is done. It is located where its franchises are exercised. It is present where it is engaged in the prosecution of the corporate enterprise. See,

also, The C., D. & V. R. R. Co. v. The Bank of North America, 82 Ill. 492–6. Certainly, in view of the statute, and the broad meaning given to the word "residence" as applied to corporations by the foregoing decisions, the legislature never intended that such persons could be sued in any county of the State. The statute places such artificial persons upon the same equality, so far as pertains to the jurisdiction of courts, as natural persons, with the exception that if the officers and agents of such incorporated company *are absent from its place or places of residence*, then such company may be notified by publication.

There are many incorporated companies existing with but few officers or agents. Under the provisions of section 4, heretofore considered, the officers and agents of such companies can not absent themselves, and thereby avoid whatever just demands persons may have against such companies. In that respect in actions at law section 4 enlarges the jurisdiction of the courts over such corporations beyond that given as against natural persons. In this view it was a wise provision of the legislature, but to give the construction to it contended for by appellee would be liable to work a most serious injustice upon incorporated companies.

It is also seriously urged by counsel for appellee, that appellant, by pleading over to the merits of the action, after the demurrer to the plea to the jurisdiction was sustained and judgment of *respondeat ouster* entered, thereby waived the right to assign error on the judgment of the court sustaining the demurrer. This position is erroneous, as has been repeatedly decided, though frequently contended for. The confusion on this question seems to arise from failing to note the distinction made in the decisions as to cases where some action or step was taken by the defendant in the case before filing such plea, which recognized the lawful pendency of the suit, or after filing the plea, as by pleading to the merits or demurring to the declaration or moving for a rule on the plaintiff to give security for costs *while such plea was undisposed of*, and cases where such plea had been filed but was not pending owing to the judgment of the

court in striking it from the files or sustaining a demurrer to it. In the former class of cases the courts uniformly hold that such action waives the right to file such plea, or if filed waives the right to insist upon it, while in the latter class of cases they as uniformly hold that pleading to the merits does not waive the right to assign error on the action of the court in disposing of such plea. Delahay v. Clement, 3 Scam. 201; Weld v. Hubbard, 11 Ill. 574; Drake v. Drake, 83 Ill. 526; U. M. A. Ass'n v. Riel, 38 Ill. App. 423; G. C. R. R. Co. v. Hook, 40 Ill. App. 547.

The case of Mineral Point R. R. Co. v. Keep, 22 Ill. 9, cited by appellee as laying down a different and better doctrine, does not antagonize the rule of law laid down in the foregoing cases. If we are correct in the conclusions reached thus far in this case, the appellant was deprived of a substantial right by being compelled to try its cause in a county other than that where it resided or was found.

While in this particular instance it may have worked no particular injury, yet the appellant was deprived of a right given to it by express statute, which, at least in some cases, might be of the greatest importance.

In view of our holding as to the plea to the jurisdiction, it becomes unnecessary to consider the other assignments of error. The court erred in sustaining a demurrer to that plea, and for that reason the judgment is reversed.

*Judgment reversed.*