## Franklin Life Ins. Co. v. Rosa Hickson.

97    387
a197s  117

1.  CORPORATIONS—*Effect of the Consolidation of Insurance Companies.*—The consolidation of one insurance company with another does not affect suits pending in which such companies are parties, nor does such consolidation affect causes of action or rights of persons in any particular, nor do suits brought against such consolidated corporation by its former name abate for that cause.

2.  CONSOLIDATION OF CORPORATIONS—*Liability of the Consolidated Company.*—Under the statute (R. S., Ch. 32, Sec. 65, Hurd's Ed. 1899, p. 445) in all cases where a corporation, chartered or organized under the laws of this State, consolidates its property, stock or franchises with another corporation or corporations, the consolidated company is liable for all the debts or liabilities of each company included in such consolidation, existing or accrued prior thereto; and actions thereon may be brought and recoveries had against such consolidated company.

3.  PRACTICE—*Amendments of Papers in Suits Commenced Before Consolidation.*—It is proper, under the statute (R. S., Ch. 7, Hurd's Ed. 1899, p. 142), to allow amendments of papers in suits commenced against either of the constituent companies before consolidation, so as to make the consolidated company the defendant in the case, and to allow the dismissal of the suit as to the constituent company made defendant in the suit as originally commenced.

4.  SAME—*Progress of Suits After Amendment, Against the Consolidated Company.*—After the amendment of the papers in a suit originally commenced against a constituent company the suit proceeds against the consolidated company and further proceedings against the constituent company are unnecessary.

5.  SAME—*Waiver of the Right to Object to the Jurisdiction.*—Where a party is sued out of the jurisdiction of the court, he may waive the right to object, and by pleading to the action, give the court jurisdiction.

6. WAIVER—*Of Error in Overruling a Motion to Dismiss for Want of Jurisdiction—Practice.*—Where a motion by the defendant to dismiss for want of jurisdiction of parties is improperly overruled, and by subsequent pleading the defendant enters his appearance, the error in overruling the motion is waived; otherwise, when a demurrer to a plea in abatement for want of jurisdiction of parties is improperly sustained and followed by an interlocutory judgment *quod respondeat ouster.*

Assumpsit, on a policy of insurance. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed October 21, 1901.

Statement.—The Franklin Life Association issued a policy of insurance to John Hickson of East St. Louis, dated August 29, 1894, payable to Rosa Hickson, his wife. He was killed December 2, 1896, in the stock yards at East St. Louis, the policy then being in full force and effect.

Upon the death of Hickson, Dr. Porter, who had examined him when he applied for insurance, gave to one Eggman, a notary public, blank proofs of death to be taken by him to appellee to be filled up and returned to Porter. Eggman took them to appellee, where they were made out and sworn to by her and returned by him to Porter. No objections were made to such proofs.

The home office of the company was at Springfield, Illinois. The policy was signed by D. T. Littler as president and T. C. Roseberry as secretary. It provides that no suit shall be commenced after one year from the death of the assured.

On July 6, 1898, the Franklin Life Association and the People's Life Insurance Company were consolidated according to the provisions of the statute, under the name of the Franklin Life Insurance Company, having its home office at Springfield. The first summons was issued against the Franklin Life Association November 24, 1897, and directed to the sheriff of St. Clair county. It was returned December 27th, "No agent or officer of the within company found in my county." Alias summonses were issued from time to time from this date up to March 7, 1900, but were either quashed for some reason or their effect defeated by

pleas of abatement denying the agency of the parties served. March 7, 1900, plaintiff obtained leave to amend her declaration by making the Franklin Life Insurance Company a co-defendant, and on August 15, 1900, filed her amended declaration. On November 19, 1900, summons was issued against the Franklin Life Association, and the Franklin Life Insurance Company, directed to the sheriff of Sangamon county.

The sheriff made return that on the 5th day of October, 1900, he served the Franklin Life Association by reading and leaving a copy, etc., with T. C. Roseberry, secretary of said company, the president not being found in my county.

He also made a similar return of service upon the Franklin Life Insurance Company, by reading and leaving a copy with T. C. Roseberry, its secretary, the president not being found, etc. This summons, with the return, was filed November, 30, 1900.

Both defendants moved to quash the service of this summons for the reasons, first, that " it was directed to the sheriff of Sangamon county in the State of Illinois, commanding him to serve the said defendants if they can be found in said city; second, because the service was beyond the jurisdiction of the court."

This motion was filed November 30, 1900. Page 61 of the record shows the following entry : " And on the 3rd of Dec., 1900, leave is given plaintiff to amend summons and defendant enters special appearance for the purpose of quashing summons and service, which motion is by the court taken under advisement."

December 10th, the motion was overruled, and a rule entered upon defendant to plead by the third Monday. On December 17th, the Franklin Life Association filed its plea in abatement denying that T. C. Roseberry, upon whom service was had in Sangamon county, was its agent. December 17, 1900, appellant demurred to the amended declaration.

January 3, 1901, plaintiff dismissed as to the Franklin Life Association, and on January 9th, filed her second amended declaration.

Up to this time all appearances by both defendants, the same attorneys representing both defendants, had been limited to the special purpose of their motions or pleas, except the demurrer filed December 17th, by the Franklin Life Insurance Company, to the first amended declaration. The appearance by this demurrer was not limited and was therefore a general appearance.

The case was tried upon the second amended declaration, filed January 9, 1901, which is in substance :

" Rosa Hickson complains of the Franklin Life Insurance Company, defendant, and states that the Franklin Life Association, by its policy of insurance, undertook and agreed to pay to the plaintiff the sum of one thousand dollars within ninety (90) days after it was furnished with satisfactory proof of the death of John Hickson, the plaintiff's husband.

That while said contract of insurance was in force, on the 2d day of December, 1896, John Hickson lost his life by being run over by a railroad car; that thereupon satisfactory proof of the death of John Hickson was, by the plaintiff, furnished to the said Franklin Life Association, on or about the 31st day of December, A. D. 1896, and that said Franklin Life Association waived all further proof of the death of the said John Hickson, and refused to pay the amount of said policy to the plaintiff; that thereupon the said Franklin Life Association became liable to pay to the plaintiff the sum of one thousand dollars ($1,000) to wit, ninety days after December 31st, A. D. 1896.

And the plaintiff further avers that after said liability of the said Franklin Life Association to the plaintiff became due, the said Franklin Life Association and the People's Life Insurance Company became consolidated as the defendant, the Franklin Life Insurance Company, a corporation created by virtue of the laws of the State of Illinois, and thereby the Franklin Life Insurance Company assumed the liabilities of the Franklin Life Association, including the liability and cause of action heretofore stated.

Wherefore the said defendant, in consideration of the premises aforesaid, assumed and undertook and promised to pay to the plaintiff the face of the said policy, and interest, yet they have refused and still refuse to pay the same," etc.

To this second amended declaration, appellant on January 11, 1901, filed a demurrer, general in form, but containing this special allegation :

" And for a further reason, because there is no joint liability on the part of the defendant, The Franklin Life Insurance Company, with the said Franklin Life Association, and this the defendant, The Franklin Life Insurance Company, is ready to verify."

With reference to both demurrers the record shows as follows:

" And now, on the 12th day of January, 1901, the defendant withdraws demurrer to amended declaration, and second amended declaration filed and demurrer filed to same, which is by the court overruled, whereupon defendant files its motion for dismissal of the cause, and same taken under advisement."

The grounds for this motion, which was filed January 12, 1901, appearance not limited, are as follows:

" This cause was originally begun on the 24th day of . November, A. D. 1897, by Rosa Hickson against the Franklin Life Association, as will appear from the præcipe filed on that date and the declaration filed in said cause, filed on the 13th day of August, A. D. 1896.  Afterward, to wit, on the 7th day of March, A. D. 1900, the said plaintiff, Rosa Hickson, by leave of the court, amended her said cause by making this defendant, the Franklin Life Insurance Company, a co-defendant with the said Franklin Life Association, and afterward, by leave of the court, on the 15th day of August, A. D. 1900, filed her amended declaration in this cause against the said Franklin Life Association and the Franklin Life Insurance Company; and afterward, on the 3rd day of January, A. D. 1901, the said plaintiff, Rosa Hickson, dismissed her cause of action against the only original defendant in said suit, The Franklin Life Association, and now this defendant, The Franklin Insurance Company, asks that this cause be dismissed as to it."

On January 21st, this motion was overruled.  January 31st appellant pleaded the general issue, and a plea of limitation, which set up the following clause in the policy :

" It is expressly understood and agreed · that no action shall be maintained, nor recovery had, for any claim upon or by virtue of this contract after the lapse of one year from and after the death of the herein named member, and should no suit or proceedings for such recovery be commenced within one year, it shall be deemed a waiver on the part of all parties concerned, and conclusive evidence

against the validity of such claim, and this contract shall be null and void and of no effect."

It then avers that the said John Hickson died on the 2d day of December, A. D. 1896; that no action was instituted against this defendant, The Franklin Life Insurance Company, to recover for any claim upon such policy until the 7th day of March, A. D. 1900, at which time said policy had lapsed and become null and void, and by reason thereof the said Rosa Hickson is barred from all right or claim by virtue of said contract, and this the defendant is ready to verify. Wherefore it prays judgment.

Appellee, April 23d, replied to this plea in substance :

"That she commenced her action against the Franklin Life Association within one year after the death of the assured.

That said action was pending against the Franklin Life Association up to and after the 5th day of July, A. D. 1896, to wit, to and after March 7th, A. D. 1900.

That on the 5th day of July, A. D. 1898, while said cause was so pending, the Franklin Life Association consolidated with the People's Life Insurance Company and became a constituent part of the consolidated insurance company, as and under the name of the defendant, The Franklin Life Insurance Company, which said company then and there became liable by virtue of the statute of Illinois for the cause of action sued upon.

Wherefore plaintiff avers that she did commence her action for the recovery of the cause of action set forth in her second amended declaration within one year after the death of the assured, and said special plea sets forth no defense to this action, and of this the plaintiff puts herself upon the country."

We find no rejoinder to this replication by appellant, and no joinder by appellee to the plea of the general issue. But as the case proceeded to a hearing upon the pleadings filed, it will be treated as if the issues had been formally made.

On May 3d the parties waived a jury and a trial was had by the court resulting in a judgment for appellee for $1,204 and costs, from which defendant appealed.

ALFRED ORENDORF and KRAMER, CREIGHTON & SHAEFFER, attorneys for appellant.

A. R. Taylor and Freels & Joyce, attorneys for appellee.

Mr. Justice Worthington delivered the opinion of the court.

We have recited the preliminary proceedings in this case at some length, owing to the claim made that the court did not have jurisdiction of the Franklin Life Insurance Company. The defense disclosed by the record is technical and without equitable merits. The Franklin Life Association insured John Hickson's life for the benefit of Rosa Hickson. He was killed while the policy was in full force and effect. We are satisfied from the evidence that the proofs of death were furnished to one acting as an agent of the association, and that no objections were made to them. It is true that there is no direct evidence that Dr. Porter, who received the proofs of death from appellee, was at that time an agent of the Franklin Life Association. But in the absence of any conflicting testimony there were circumstances from which the jury was warranted in finding that he was an agent. He had examined Hickson for the company when he applied for insurance and had in his possession blank proofs to be used in case of death, which he gave to Eggman, a notary public, to be taken to appellee and filled up, and directed that when filled they should be returned to him. In pursuance of his action and directions they were so taken to her and when completed were returned to him. The association paid nothing on the policy, and appellee brought suit against it within one year after the death of the insured.

The statute under which these insurance companies were consolidated and the Franklin Life Insurance Company thereby formed, provides that the consolidation of one corporation with another shall not affect suits pending in which such corporation or corporations shall be parties, nor shall such changes affect causes of action, nor the rights of persons in any particular, nor shall suits brought against such corporation by its former name be abated for that cause. Rev. Stat. Ill., Chap. 32, Sec. 56.

Section 85 of said chapter 32, of said statute, says:

" In all cases when any company or corporation, chartered or organized under the laws of this State, shall consolidate its property, stock or franchises with any other company or companies, *such consolidated company shall be liable for all debts or liabilities of each company included in said consolidated* company *existing* or *accrued prior* to *such consolidation;* and *actions may* be *brought* and *maintained,* and *recovery had therefor against such consolidated company.*"

If, then, at the time of the consolidation, the Franklin Life Association owed appellee on the policy issued to her husband, the Franklin Life Insurance Company assumed its payment.

On behalf of appellee the following propositions were asked and were held by the court:

First.    That this court had power in this case to send its process to Sangamon county for service, by force of the statute in relation to service upon insurance companies.

Second.    That the service by the sheriff of Sangamon county in this case was legal.

Third.    That it was entirely proper under the statute relating to amendments to allow the defendant, as successor of the Franklin Life Association, to be made a defendant in this case, and to dismiss as to the Franklin Life Association after defendant was made party.

Fourth.    That after the consolidation of the People's Life Insurance Company and the Franklin Life Association, into the defendant, it was necessary to recover against the defendant on the policy sued on, and further proceedings against the Franklin Life Association were not necessary.

Fifth.    That the suit having been brought against the Franklin Life Association within one year after the death of the assured, the limitation of one year in the policy can not apply, because defendant was not in existence to be sued for more than one year after the death of the assured.

Sixth.    The evidence shows that proofs of death were furnished the Franklin Life Association within three weeks after the death of the assured, and the policy became due and payable ninety days thereafter, to wit, March 22, 1897; from which date interest at the rate of five per cent per annum should be computed to date, May 18th, four

years, one month and twenty-eight days, to wit, $1,208, for which sum judgment should be rendered.

Seventh. That this court has jurisdiction of the parties and subject-matter.

Eighth. There is no statute bar.

We find no reversible error in the propositions held for plaintiff, or in the refusal of those asked for by defendant; but in so finding, do not pass upon the first two propositions, holding as we do, that the court acquired jurisdiction by defendant's pleading to the merits. The propositions refused are in substance the converse of those held.

If proof of death was furnished to the Franklin Life Association, it was not necessary that it should be again furnished to the Franklin Life Insurance Company. So far as such proof was necessary to fasten liability upon the Franklin Life Association, it had done its work. The consolidated company assumed the burden of the liability of the Franklin Life Association as it found it. No new duties or conditions were imposed upon the holder of a policy by reason of the consolidation. If such holder complied with the conditions of his policy, he did all that was required of him by his contract, and his beneficiary was entitled to recover against the company that issued the policy. If she could recover against it, she could recover against its successor, who assumed its liabilities and stood in its shoes.

What is said in reference to furnishing proof of death, applies to the clause in the policy limiting the bringing of a suit to one year after the insured's death. When suit was commenced against the Franklin Life Association within the year succeeding the death of appellee's husband, she complied with the provisions of the policy. She could not have brought suit against the consolidated company within said year, because it had no corporate existence until after the expiration of the year. So far as bringing suit within the year fixed the liability of the Franklin Life Association, it also fixed the liability of the consolidated company. There was then no error in holding that the suit against appellant was not barred by the year limitation clause.

Counsel for appellant say in their brief that "the court erred in permitting appellee to amend her cause of action by making appellant party defendant and then dismiss as to the original defendant without any provision as to the costs made and incurred at the time of such amendment."

As such action of the court is not assigned for error, we are not called upon to consider it.

Counsel for appellant also urge that the suit against the Franklin Life Association did not abate by reason of the consolidation of this company with the People's Life Insurance Company, and that plaintiff should have prosecuted her suit to a conclusion.

It is true that appellee's suit did not abate by reason of the consolidation. Sec. 56, Chap. 32, *supra*.

But this is no reason why plaintiff could not dismiss her suit against the original defendant. It had become by its own act in consolidating, a mere shadow, a name without place or property. By its articles of consolidation, it had on July 6, 1898, declared " that the functions and duties of the officers and board of directors of the Franklin Life Association * * * shall, upon the full performance of the said consolidation, cease and determine."

Why should appellee have continued to prosecute a corporation whose officers or directors had by its joint action with appellant been deprived of authority to discharge any function or perform any duty ? And why should she not prosecute its legal successor, who had received its property and assumed its liabilities, and whom the statute explicitly states may be sued on such liabilities ? Sec. 65 and Sec. 56, Chap. 32, *supra*.

Section 1 of chapter 7, and section 23 of the practice act, Statutes, *supra*, authorize amendments " in form or substance for the furtherance of justice." They are broad enough in a case like this to allow the substitution of a real defendant for the shadow of a defendant. It is a refinement of technicality for the real defendant to insist that the original defendant should have been prosecuted to a conclusion, when efforts to bring the original defendant into court had

been made from November 26, 1897, to January 3, 1901, only to be defeated by motions to quash summons or returns, or by pleas in abatement denying the agency of parties served; and this done, too, by the same attorneys, acting for both defendants, limiting their appearance for these special purposes only. We think there was no error in permitting the amendment which made appellant a party defendant to the suit and in dismissing against the original defendant, who by the action of appellant in the consolidation, had become a mere nominal defendant.

Counsel for appellant seem to rely most strongly as a ground of defense, upon the proposition that the City Court of East St. Louis could not send its process to Sangamon county, and that consequently it was without jurisdiction to try the case. It is also insisted that, having filed its motion November 30, 1900, to quash the service of summons upon appellant and upon the Franklin Life Association because summons was sent to Sangamon county, which motion was overruled, advantage can be taken of such motion, although a general appearance of appellant was entered by subsequent pleadings. To support this position appellant cites Weld v. Hubbard, 11 Ill. 574. This case holds that " a defendant by pleading in bar after a demurrer has been sustained, to a plea in abatement, does not thereby waive his rights under its plea in abatement, but may assign for error the decision of the court sustaining the demurrer." This case cites Delahey v. Clement, 3 Scammon, 201. A reference to this latter case shows the reason of the decision to be, that upon sustaining a demurrer to a plea in abatement the judgment is "*quod respondeat ouster.*" As the court expresses it, such judgment " is the order and judgment of the court, without the request of the defendant, that he answer over. In complying with this order, it is not perceived how a party can be said to abandon his plea or waive his right to a correct decision upon his plea." In other words, a subsequent plea is not a voluntary plea, but is made under the order of the court, and is not, therefore, an appearance in the case. In Galveston City R. R. Co. v. Hook, 40 Ill. App. 557, the court say:

" Of course if the defendant filed the general issue voluntarily, and not in obedience to a judgment of the court to plead over, his act was a waiver of any defects in the service of summons, and it would even obviate the necessity of the service of any process at all."

This court in Mt. Olive Coal Co. v. Hughes, 45 Ill. App. 566, in discussing this question said :

" The confusion on the question seems to arise from failing to note the distinction made in the decisions as to causes where some action or step was taken by the defendant before filing such plea, which recognized the lawful pendency of the suit, or after filing the plea, as by pleading to the merits, or demurring to the declaration, or moving for a rule on the plaintiff to give security for costs while such plea was undisposed of, and cases where such pleas had been filed, but was not pending owing to the judgment of the court in striking it from the files or sustaining a demurrer to it.   In the former class of cases the courts uniformly hold that such action waives the right to file such plea, or if filed, waives the right to insist upon it, while in the latter class of cases, they as uniformly hold that pleading to the merits does not waive the right to assign error on the action of the court in disposing of such plea."

This is true because in the former class of cases the defendant would voluntarily plead without being ordered to do so, his demurrer not having been disposed of.

In the case at bar, appellant moved to quash the service by the sheriff of Sangamon county for the reason that the service was beyond the jurisdiction of the City Court of East St. Louis, and claims that the same practice applies in overruling this motion, before pleading in bar, as would apply in sustaining a demurrer to a plea in abatement.   But the reason for so holding upon a plea of abatement, namely, the interlocutory judgment of the court that the defendant should plead over, does not apply to overruling a motion to quash service.   In such case there is no such interlocutory judgment.   If the defendant demurs or pleads after his motion to quash is overruled he does not do so by order of the court but does so voluntarily.

It is true that the record shows that upon overruling appellant's motion to quash service, that a rule was taken

upon appellant to plead by the third Monday. But this was not in the nature of an interlocutory judgment "*quod respondeat ouster.*" It was, in effect, extending the time to plead until the third Monday, but fixing that date as the limit of extension. Appellant could have abided by his motion if he saw fit to do so. But he did not so conclude, and chose both to demur to the declaration, and to plead in bar. By so doing he waived any advantage by reason of this motion, and by so pleading, entered a general appearance and gave the court jurisdiction.

When a party is sued out of the jurisdiction of the court, he may waive the right to object, and by pleading, give the court jurisdiction. Humphrey v. Phillips, 57 Ill. 136; Drake v. Drake, 83 Ill. 526.

In this view of the law, it is not necessary to discuss the claim by appellant that the trial court did not acquire jurisdiction by sending its process to Sangamon county.

Finding no substantial error in the record, the judgment of the City Court of East St. Louis is affirmed.