## THE FRANKLIN LIFE INSURANCE COMPANY

*v.*

## ROSA HICKSON.

*Opinion filed June 19, 1902.*

1. ACTIONS AND DEFENSES—*effect where insurance company is consolidated after suit brought.* If an action upon an insurance policy is brought against the company within the year limited by the policy but service is not had, but subsequently the company is consolidated with another and a new company formed, the latter company is liable on the policy, and the court may, under section 24 of the Practice act, permit amendments as to the parties and their corporate names.

2. WAIVER—*pleading over after motion to quash summons is a waiver.* If a motion to quash the summons is overruled and the defendant demurs and pleads over to the amended declaration, the defendant's appearance is entered and the right to assign error upon the overruling of the motion to quash is waived.

*Franklin Life Ins. Co.* v. *Hickson,* 97 Ill. App. 387, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding.

ALFRED ORENDORFF, and KRAMER, CREIGHTON & SHAEFFER, for appellant.

A. R. TAYLOR, and FREELS & JOYCE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This appeal was taken from a judgment of the Appellate Court affirming a judgment of the city court of East St. Louis against appellant on a policy of life insurance issued by the Franklin Life Association of Springfield, Illinois, to John Hickson, payable to his wife, Rosa Hickson, the appellee. Within one year after the death of Hickson and after the making of proofs of death, suit was brought on the policy in said city court, and successive writs of summons were issued to the sheriff of St. Clair county during the next two or more years for

service upon the defendant, but were returned not found. In the meantime the said Franklin Life Association and the People's Life Insurance Company had consolidated and formed the appellant company, the Franklin Life Insurance Company. At the August term, 1900, of said city court, the plaintiff, by leave of court, amended her declaration by making the appellant company a party defendant, and summons was issued to the sheriff of Sangamon county for service upon said company and also upon the Franklin Life Association. The summons was served upon one Roseberry, as the secretary of each of the two companies, and at the next term the Franklin Life Association filed its plea in abatement, averring that Roseberry was not its secretary or agent, and the appellant, the Franklin Life Insurance Company, moved to quash the service upon the ground that said city court had no authority to send its process of summons to Sangamon county for service there. The plaintiff then dismissed as to the Franklin Life Association, and the court overruled the motion of the Franklin Life Insurance Company to quash, whereupon the latter company moved the court to dismiss the suit as to it. This motion being also overruled, the plaintiff, by leave of court, filed a secondly amended declaration against the appellant company, alleging, among other things, its formation by the consolidation of its constituent members after the cause of action sued on had accrued. To this amended declaration the appellant company demurred, and upon the overruling of its demurrer pleaded, first, the general issue; and second, that the suit was not brought within one year after the death of the insured, as required by the policy. Upon the issues made on these pleas there was a trial by the court, trial by jury having been waived, and a finding and judgment for the plaintiff.

By the judgment of the Appellate Court all controverted questions of fact have been settled in favor of appellee. One of such facts which has been re-argued

in this court is, whether proofs of death were made and sent or delivered to the company. Upon this question the court held, as requested by the appellant company, the following proposition:

"That the furnishing of satisfactory proofs of death of the insured is a condition precedent to the right to bring and maintain an action on the policy of insurance herein sued upon, and it devolves upon the plaintiff to prove, by a preponderance of the evidence, that such proofs were furnished to the Franklin Life Association, one of the constituent corporations, before this suit was begun."

The trial court having found, as a question of fact, that such proofs were furnished, and having held appellant's proposition as submitted to be law in the decision of the case, no further question on that point can be raised by appellant here.

The appellant submitted certain propositions, on the trial, to be held as law by the court, tending to the conclusion that although the suit was brought within the year against the life association, one of the appellant's constituent companies, yet inasmuch as by the conceded facts it was not brought against appellant within one year after the death of the insured, no recovery could be had against it on the policy, the argument being, that as the plaintiff had amended her declaration and made appellant a party and then dismissed as to the life association, the suit became a new one as to appellant, and as the insured had been dead more than one year, judgment on the second plea should have been for defendant.

Paragraph 56 of chapter 32, concerning corporations and their consolidation, (Hurd's Stat. 1899, p. 444,) provides, among other things, that the "consolidation of one corporation with another, shall not affect suits pending in which such corporation or corporations shall be parties, nor shall such changes affect causes of action, nor the rights of persons in any particular; nor shall suits

brought against such corporation by its former name be abated for that cause." Paragraph 65 of said chapter 32 provides: "In all cases when any company or corporation, chartered or organized under the laws of this State, shall consolidate its property, stock or franchises with any other company or companies, such consolidated company shall be liable for all debts or liabilities of each company included in said consolidated company, existing or accrued prior to such consolidation; and actions may be brought and maintained, and recovery had therefor, against such consolidated company." Paragraph 24 of the Practice act, allowing amendments, provides: "At any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint plaintiff or joint defendant, changing the form of the action, and in any matter, either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense. The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action."

The suit could not have been brought against appellant within the year limited by the policy for the reason that it was organized after the year had expired, but as the suit was brought within the proper time against the company which issued the policy and which afterward became merged in the appellant company, and as the latter company took its place and by operation of law assumed all of its debts and liabilities, it became bound by what had been done to fix the liability for the loss and for recovery on the policy. The appellant was brought into the suit as it then stood, and the amendments as to parties and their corporate names were fully authorized by the Practice act above mentioned. While the rule is,

that as to a new party brought in as a defendant the suit must, as to him, be regarded as having been commenced when he became such party, (*Dunphy* v. *Riddle,* 86 Ill. 22; *Mason* v. *City of Chicago,* 163 id. 351;) still, that rule can have no application to a case of this kind any more than to a case where a new trustee becomes a party in a pending suit in place of the one sued who has been removed.

But the point principally relied on to reverse the judgment is the alleged error of the court in refusing to quash the summons issued to Sangamon county and there served on appellant. We deem it unnecessary to consider the question raised as to the power of the city court of East St. Louis to issue said summons or the effect of the service of the writ by the sheriff of Sangamon county upon appellant. That action was, of course, taken under the act of 1895, relating to suits against insurance companies, now published as paragraph 3 of the Practice act. (Hurd's Stat. 1899, p. 1284.) But we are of the opinion that by demurring and pleading to the secondly amended declaration after its motion to quash had been overruled the appellant entered its appearance to the action, and that it cannot now assign for error the decision of the court in overruling the motion to quash. By its general appearance to the action the defendant gave the court jurisdiction over it and waived all defects of process and its service, if any there were. As said in *Mix* v. *People,* 106 Ill. 425: "In personal actions, if the defendant appears and pleads to the merits it is wholly immaterial whether the service was defective or whether any summons was ever issued and served upon him. The same rule has been applied in applications for judgment against delinquent property for taxes." *Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491, and cases cited.

We are of the opinion that the Appellate Court decided correctly in affirming the judgment, and its judgment will accordingly be affirmed.

*Judgment affirmed.*