DANIEL LAWRENCE, Plaintiff-Appellant, *v.* WILLIAMSON FORD, INC. *et al.,* Defendants-Appellees.

(No. 72-201;

Second District—August 21, 1973.

Reese, Schlueter & Ecklund, of Rockford, for appellant.

Robert K. Clark and James F. Maynard, both of Rockford, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Daniel Lawrence, filed suit on October 1, 1971, to recover for personal injuries resulting from a 1952 accident, alleging that he had become of age on October 6, 1969. A defense of the statute of limitations based on failure to join the proper party defendant until after the limitations period had run was sustained. Plaintiff appeals from the judgment dismissing his amended complaint.

The original complaint was captioned Daniel Lawrence, plaintiff, against "Frontier Ford, Inc. (formerly Williamson Motor Company, an Illinois corporation), and John Doe, defendants." In paragraph 2 of the complaint, plaintiff alleged that he was struck by an automobile driven by an unknown salesman "for the Williamson Motor Company, an Illinois corporation, which it is believed became Frontier Ford, Inc.". Paragraph 7 alleged:

> "That because of the length of time which has elapsed between the date of the injury and the present time, plaintiff is informed and believes that the defendant company involved was the Williamson Motor Company and that by acquisition of stock, merger, sale or otherwise, Frontier Ford, Inc. is the legal successor to the business of Williamson Motor Company, but that in any event, the intent of this complaint is to name Williamson Motor Company as a defendant. * * *"

Frontier Ford, Inc. was served with summons. It appeared and filed a motion to dismiss on the ground it was not in existence at the time of the occurrence. An attached affidavit detailed the formation of Williamson Motor Company, Inc., as a Delaware corporation in 1957, with a change of name to Fairway Motor Co. Inc. in 1958; Willett Ford, Inc., in 1964; and to Frontier Ford, Inc., a Delaware corporation, in 1969, and its continued existence since then as a Delaware corporation by that name. A supplemental affidavit supplied the allegations that on May 6,

1957, Williamson Motor Co., Inc., a Delaware corporation, purchased the assets of Williamson Motor Co., Inc., an Illinois corporation, complied with the Bulk Sales Law and assumed no liabilities of the Illinois corporation except for unperformed obligations under assigned leases and service and equipment contracts.

On November 29, 1971, plaintiff moved to correct the party defendant to Williamson Ford, Inc., a Delaware corporation, as the successor to the Illinois corporation of Williamson Motor Company which he had named originally. Supporting documents traced an Illinois corporation named Barnes Motor Company formed in 1911; change of name to Williamson Motor Company in 1914; a further change of name to Dor-Will Company in 1957; and a 1965 merger between the latter Illinois corporation and the Delaware corporation called Williamson Ford, Inc. The court granted leave to file an amended complaint against Williamson Ford, Inc., a Delaware corporation, and on motion alleging the bar of the statute of limitations, the cause was dismissed.

In a memorandum opinion the trial court stated that it was apparent that plaintiff had sought to name as defendant the legal successor of the entity which in 1952 was known as Williamson Motor Co. The court concluded that the issue is determined by section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46). It held that since service of summons was not had upon the appropriate defendant within the statute of limitations, and there was no showing by plaintiff that defendant had within that period knowledge of the pending cause, the action was barred under sections 46(4)(c) and (d) of the Civil Practice Act. Ill. Rev. Stat. 1971, ch. 110, par. 46(4)(c) & (d).[1]

Plaintiff contends that its original complaint filed before the limitations period had run showed a clear intent to and did in fact name the original corporation, Williamson Motor Co., as a defendant; that the filing of the complaint tolled the statute of limitations; that section 46(4) of the Civil Practice Act does not apply; and that under section 69(e)

---

[1] Subsections 4(c) and 4(d) provide:

"(4) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: * * * (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is beneficiary; (d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him. * * *"

of the Business Corporation Act (Ill. Rev. Stat. 1971, ch. 32, par. 157.69 (e)[2]) the substitution of the correct successor corporation after the statute has run is permissible even though an incorrect successor corporation was initially named in the complaint against the original corporation.

Defendant argues that section 69(e) of the Business Corporation Act has nothing to do with the statute of limitations or the timely filing of suit; that under the facts of this cause, the issue should be determined by section 46(4) of the Civil Practice Act. It argues that the successor corporation must be sued before the statute of limitations has run and that the plaintiff did not merely misname the proper party defendant but made a mistake as to its identity and therefore commenced a new suit after the statute had run as against the present defendant.

■■ We think that defendant is correct in contending that by naming Frontier Ford, Inc. in the original complaint, serving summons on it, and forcing it to come in and move for a dismissal, plaintiff made a mistake, not merely a misnomer, as to the proper successor corporation of the original corporation. (*Proctor v. Wells Bros. Co.* (1914), 262 Ill. 77, 81-82. See also *Hoagland v. Brown* (1966), 71 Ill.App.2d 240, 243.) However, the record shows that plaintiff also commenced suit against Williamson Motor Co., an Illinois corporation, in the original, timely complaint. While the title of the complaint does not make it clear that plaintiff is intending to sue the former corporation, the body, particularly paragraph 7 when combined with the title and other portions of the complaint which we have previously noted, do make it clear that a timely suit was commenced against Williamson Motor Co., an Illinois corporation. See Ill. Rev. Stat. 1971, ch. 110, par. 21(4); *Fleshner v. Copeland* (1958), 13 Ill.2d 72, 77.

■■ Plaintiff's action in naming and serving the wrong party, Frontier Ford, Inc., does not automatically defeat his cause of action. Plaintiff did include and intend to name the original corporation, Williamson Motor Company, an Illinois corporation, as a party defendant in his complaint which was filed before the statute of limitations had run. The

---

[2] Section 69(e) provides:

"When such merger or consolidation has been effected:

\* \* \*

(e) Such surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any such corporations shall be impaired by such merger or consolidation."

dismissal of an unnecessary and improper party to an action after the statute has expired does not effect a discontinuance in the sense that a new cause of action is created against the original corporation named in the timely filed complaint. (*Patten v. Iroquois Furnace Co.* (1905), 124 Ill.App. 1.) The bringing of suit against the original corporation within the statute of limitations may enable liability to be determined against the successor. *Franklin Life Insurance Co. v. Hickson* (1901), 97 Ill.App. 387, aff'd, 197 Ill. 117.

██ Defendant argues, in effect, that once a merger of corporations takes place, a plaintiff must join the successor corporation before the running of the limitations period to avoid its bar. We disagree. A former corporation since merged, may be sued under its original name under the provisions of section 69(e) of the Business Corporation Act. (Ill. Rev. Stat. 1971, ch. 32, par. 157.69(e).) The language of the statute would permit suits against the successor corporation for alleged acts of the former corporation, unrestricted because of the fact of merger. Thus, a plaintiff has the choice of describing the defendant by its old or its new corporate name in commencing suit against it. *Board of Education v. Herzog Building Corp.* (1963), 41 Ill.App.2d 44, 48-49.

In *Herzog*, suit was commenced and judgment was entered against the Herzog Construction Company after it had merged, but without the plaintiff's knowledge of the merger. The successor corporation, Herzog Building Corporation, contended unsuccessfully that it was not responsible for the judgment against the nonexisting entity. Although *Herzog* did not deal with the statute of limitations, its underlying rationale is that section 69(e) permits suit to be effectively commenced and prosecuted against a corporation which has already merged before suit has commenced, so long as the claim upon which the suit is based existed against the merged corporation before the merger.

In *Herzog*, the successor corporation did know about the suit and defended against it. However, obvious problems exist when the successor corporation is not served with process within the limitation period and does not defend against it. Although the wording of section 69(e) of the Business Corporation Act permits suit against a merged corporation in its original name as well as in the name of the survivor, the proceeding is actually against the surviving corporation regardless of the name under which the defendant is sued. (*Board of Education v. Herzog Building Corp.* (1963), 41 Ill.App.2d 44, 49.) Since the effect of a merger is to dissolve the original corporation and create a new one (*Southern Illinois Gas Co. v. Commerce Com.* (1924), 311 Ill. 299, 302), and the original corporation becomes a nonentity (Ill. Rev. Stat. 1971, ch. 32, par. 157.69(b); *Franklin Life Insurance Co. v. Hickson* (1901), 97

Ill.App. 387, 396, aff'd, 197 Ill. 117), it is the successor who must come in and defend and so must be notified.

■■■ The question which *Herzog* was not required to consider and which is apparently not addressed in the statute (Ill. Rev. Stat. 1971, ch. 32, par. 157.69(e)[3]), is the problem of delay in giving notice to the successor corporation. Fundamental fairness requires that notice be given within some reasonable time to the successor corporation whether served in its present name or in the name of the original, pre-merger, corporation, so that it may come in and defend. In our opinion, Supreme Court Rule 103(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 103(b)) provides the answer in circumstances such as those before us in which the statute of limitations has run in the interval between commencement of suit and service of summons. Under the Civil Practice Act, an action is commenced by the filing of the complaint (Ill. Rev. Stat. 1971, ch. 110, par. 13); but in order to safeguard against circumventing statutes of limitation, an action may be dismissed for failure to exercise reasonable diligence to obtain service of process after the expiration of the applicable limitations period. (Ill. Rev. Stat. 1971, ch. 110A, par. 103(b); *People v. Luttrell* (1970), 130 Ill.App.2d 241, 245; *Alsobrook v. Cote* (1971), 133 Ill.App.2d 261, 263-264.) Plaintiff has the burden of showing that he used reasonable diligence in obtaining service. *Mosley v. Spears* (1970), 126 Ill.App.2d 35, 42.

In the case before us suit was commenced on October 1, 1971, and, in our view, named the original corporation to which a proper party defendant ultimately succeeded by merger. Service on the latter, Williamson Ford, Inc., a Delaware corporation, was made on December 23, 1971. Proper service of process therefore occurred some 78 days after the expiration of the statute of limitations on October 6, 1971, and some 83 days after filing suit. The court below did not reach the question of whether plaintiff exercised due diligence in serving the proper defendant in the view which it took of the case.

■■■ We therefore reverse the judgment below and remand the cause so that the trial court may specifically consider the issue of diligence in serving the defendant. While the ruling must be made on the circumstances of the particular case before the court, the factors to be con-

---

[3] Possibly the problem of giving notice to a nonexistent corporation was overlooked in the statute when it was amended in 1933. Prior to 1933, suit must have been pending when the merger took place if the successor was to be obligated to defend an action commenced against its predecessor. There was no provision in the prior law for commencing an action on an existing claim against the merged corporation in its old name. Suit would have to have been commenced against the successor corporation in its new name.

sidered will include the time sequences, the activities of the plaintiff, any knowledge on the part of the plaintiff of the defendant's location, the ease with which the defendant's whereabouts could have been ascertained,[4] any actual knowledge by the defendant of the pendency of the action as the result of ineffective service, and any special circumstances which would affect the efforts made by the plaintiff. *Alsobrook v. Cote* (1971), 133 Ill.App.2d 261, 264. See also *Schultz v. McElroy* (1973), 9 Ill.App.3d 940; *Galvan v. Morales* (1973), 9 Ill.App.3d 255; *DeCicco v. Reed* (1966), 77 Ill.App.2d 349.

Although not cited by either party, we would add that we reject the approach taken in the case of *J.W.T. Inc. v. Joseph E. Seagram & Sons, Inc.* (N.D. Ill. 1972), 347 F. Supp. 965, which dismissed suit commenced against a corporation in its pre-merger name because the merger had taken place over two years earlier. While perhaps reaching a practical result, the court erroneously applied the two year limitation of section 94 of the Business Corporation Act (Ill. Rev. Stat. 1971, ch. 32, par. 157.94), pertaining to dissolutions, to section 69(b) (Ill. Rev. Stat. 1971, ch. 32, par. 157.69(b)), providing that the separate existence of all pre-merger corporations except the survivor, shall cease. In doing so the court not only overlooked the fact that section 94 pertains only to situations involving a winding up of the business in which no successor is contemplated, but also ignored the language of section 69(e) and the *Herzog* case which allow suit against the original corporation as if the merger had not taken place.

We therefore reverse and remand with directions to hear evidence directed to the issue of the exercise of reasonable diligence pursuant to Supreme Court Rule 103(b). If the court determines that due diligence has been exercised, the court is directed to overrule the defendant's motion to dismiss and to further proceed.

Reversed and remanded with directions.

GUILD, P. J., and T. MORAN, J., concur.

---

[4] Where suit is commenced against a merged corporation in its original name as opposed to the name of the survivor, the Business Corporation Act provides for the continuous existence of a registered agent upon whom process may be served and permits service of process against the former corporation on the Secretary of State if no provision is made for a registered agent. *E.g.*, Ill. Rev. Stat. 1971, ch. 32, pars. 157.47—2, 157.13, 157.69(c) & (f), 157.111.