STATE ex rel. SIGNAL L. P. GAS, INC., Relator,

v.

Hon. James L. SANDERS, Judge, etc., Respondent.

No. 39048.

Missouri Court of Appeals, St. Louis District, Division Three.

May 9, 1978.

Coburn, Croft, Shepherd & Herzog, Joseph A. Kral, III, St. Louis, for relator.

James M. Martin, Rau & Martin, St. Louis, for respondent.

KELLY, Judge.

In this proceeding in Prohibition the Relator, Signal L. P. Gas, Inc., seeks an order prohibiting the Respondent Circuit Judge from proceeding further in Cause No. 55492 F, *Esther Lorraine Curtis v. Signal L. P. Gas, Inc., et al.* For reasons hereinafter stated the Preliminary Writ of Prohibition hereinbefore issued is quashed.

Esther Lorraine Curtis, plaintiff in the cause in the Circuit Court of the City of St. Louis, is the widow of Herman Paul Curtis and the mother and Next Friend for the six minor children surviving Mr. Curtis. The petition in the Circuit Court proceeding is in eight counts, but Relator is a named defendant in Count I and Count V only. In Count I damages are sought for the alleged wrongful death of Mr. Curtis and in Count V damages for personal injuries and medical expenses incurred as a result therefrom are sought because of the alleged negligence of Relator which plaintiff contends caused the fire and explosion taking the life of Mr. Curtis as well as the injuries to Mrs. Curtis and the minor children.

Relator, in the Circuit Court proceeding, filed a motion to dismiss or in the alternative to quash service of summons on the grounds that the Circuit Court lacked jurisdiction of the person of the defendant Signal L. P. Gas, Inc., on the grounds that it was a nonexistent corporation because it had been dissolved prior to the commencement of this lawsuit and because service of summons and petition on C. T. Corporation System, Inc., was insufficient because said corporation was not a registered agent for Relator at the time of said service.

Petition for Writ of Prohibition filed in this court on March 16, 1977, is in two counts. In Count I Relator contends that at the time the cause of action in the Cir-

cuit Court was commenced it had ceased to exist as a corporate entity from and after December 20, 1974, and therefore the Circuit Court never acquired personal jurisdiction to hear and determine the cause of action on its merits. Relator alleges further that on March 1, 1977, the Respondent entered an Order overruling its Motion to Dismiss or in the alternative to Quash Service of Summons and unless he is prohibited from proceeding further in the case by an Order out of this court will do so despite the fact he lacks jurisdiction in the cause over this Relator. In Count II Relator alleges that the wrongful death action pleaded in Count I of plaintiff's petition in the Circuit Court is barred and was so barred at the time of the filing of the petition in the Circuit Court because it had not been commenced within two years after the cause of action for wrongful death accrued; that Respondent overruled its alternative motion to dismiss on those grounds and, unless prohibited by an Order of this court, will proceed with said cause despite the fact that its Motion should have been sustained.

On the same day Relator filed its Petition for Writ of Prohibition, the Respondent filed a Motion to Dismiss same accompanied by suggestions. On March 18, 1977, the Preliminary Rule ordering the Respondent to show cause why a final judgment in Prohibition should not be entered issued. Respondent's Return was filed on May 11, 1977, and Relator's Reply thereto, on June 2, 1977. With the issues thus joined the Relator filed its brief. Respondent has not favored us with a brief.

With respect to Count I of Relator's Petition for Writ of Prohibition wherein it contends that the Circuit Court lacks jurisdiction over it by reason of its merger, the brief filed in its behalf devotes itself to arguments relative to lack of jurisdiction over Burmah L. P. Gas, Inc., the surviving corporation, and the question whether by amendment plaintiff in the Circuit Court might join said surviving corporation and relate back said amendment and substitution of parties to the date of the filing of the plaintiff's petition on October 24, 1975.

There is no evidence before this court at this time that the said Burmah L. P. Gas, Inc., has been joined as a party defendant in the Circuit Court proceeding nor that plaintiff has filed any motion in the Circuit Court to so amend her petition and substitute said corporation as a party defendant.

The crucial issue with respect to Count I of Relator's Petition for Writ of Prohibition is: May a foreign corporation holding a certificate of authority to conduct its business in the State of Missouri, be sued for its alleged tortious conduct committed within the boundaries of the State of Missouri upon a citizen of said State causing personal injuries and medical expenses incurred therefrom, when said foreign corporation, in the time between the date of the alleged tortious conduct and the date on which a suit is filed seeking damages therefor, has merged with another foreign corporation under the laws of the state of the survivor corporation?

Signal L. P. Gas, Inc., was an Oklahoma corporation; Burmah L. P. Gas, Inc., a Delaware corporation. They merged, we believe, under the laws of Delaware.

Relator, in its brief, has not cited a single case dealing with this issue.

Furthermore, the entire thrust of Relator's brief with respect to Count I of its Petition for Writ of Prohibition, is stated at page 10 of its brief as follows:

"This case law, relator contends, shows conclusively that *Burmah L. P. Gas, Inc.,* has not been brought within the jurisdiction of the Court. Under the law, Signal L. P. Gas, Inc., and Burmah L. P. Gas, Inc., are distinct and separate persons. *Burmah L. P. Gas, Inc.,* has not been named or served as a party defendant." (Emphasis supplied).

Further, at p. 11 of the brief, at the conclusion of the arguments in support of Count I of its Petition, Relator states:

"Having dealt with the question of the lack of jurisdiction over defendant Burmah L. P. Gas, Inc., the next issue is to determine whether the plaintiff is, at this

time, to be allowed leave to amend the Petition as to Count One such that it relates back to October 24, 1975, the date after which the statute of limitations bars any wrongful death action."

In oral argument counsel for Relator, in response to a question by the Court, stated that this was a case of first impression in this State and that the controlling statute, "Section 351.450" R.S.Mo. 1969, V.A.M.S., had not been construed under these circumstances. He stated that the Missouri statute was patterned from the Illinois statute and there was an Illinois case construing the Illinois statute but he had not cited that case in his brief.[1] Nevertheless, neither did he cite any other cases on this point.

In our opinion, Relator occupies an anomalous position here. On the one hand it argues that the Circuit Court cannot obtain personal jurisdiction over it because by reason of its merger it ceased to exist. Yet, it would argue that for the purpose of precluding an amendment to the petition in the Circuit Court to substitute the surviving corporation it has sufficient existence and standing to raise issues connected to that proceeding, should it take place, for and on behalf of the surviving corporation, despite the fact said surviving corporation is not at the time a party to the Circuit Court suit. We do not render advisory opinions on what we would do should this take place; rather, we presume that the trial court would follow the law when the issue is presented.

■ It is not for all purposes that the existence of a corporation which has been absorbed by merger into a surviving corporation comes to an end. *Domestic corporations* which merged pursuant to the provisions of § 351.410 R.S.Mo.1969 V.A.M.S., in effect when Relator merged with Burmah L. P. Gas, Inc., were, nonetheless, subject to suit in the name of the absorbed corporation on "any claim existing or action or proceeding pending by or against (them)" prior to the merger. Section 351.450 R.S.Mo. 1969, V.A.M.S. In those cases where one or more foreign corporations merge with one or more domestic corporations under the law of the state of incorporation, and whether the surviving corporation will do business in Missouri, the survivor corporation is required by § 351.458 R.S.Mo. 1969, V.A.M.S. to file with the Secretary of State of Missouri an agreement that it may be served with process in the State of Missouri and to appoint irrevocably the Secretary of State as its agent to accept service of process in any proceeding based upon any cause of action against any such domestic corporation arising in this state prior to the issuance of the certificate of merger by the Secretary of State. There are, however, no Missouri statutes specifying what effect the merger of a foreign corporation holding a certificate of authority to do business in Missouri with another foreign corporation which, at the time of merger, holds no certificate of authority to do business in this state, has upon any claim existing against the constituent corporation, at the time the merger takes effect and the constituent corporation is absorbed into the survivor corporation.

■ Relator has not briefed this issue crucial to our decision in this case and for that reason we conclude that Relator has abandoned it as a grounds for Prohibition.

■ With respect to Count II of Relator's Petition for Writ of Prohibition we were informed when this case was argued that the wrongful death count—Count I—of plaintiff's petition in Circuit Court had been dismissed as to other defendants on the grounds that it had not been commenced by the widow and minor children within one year from the date of death of Mr. Curtis. Section 537.080 R.S.Mo. 1969, V.A.M.S.; *State ex rel. Kansas City Stock Yards Company v. Clark*, 536 S.W.2d 142 (Mo. banc 1976). Under those circumstances the relief sought by Relator with respect to that Count of plaintiff's petition in Circuit Court can best be attained by an appropriate motion in the Circuit Court.

For the foregoing reasons the Preliminary Rule in Prohibition is hereby ordered quashed.

SIMEONE, C. J., and GUNN, J., concurs.

1. See *Lawrence v. Williamson Ford, Inc.*, 13 Ill.App.3d 880, 300 N.E.2d 636 (1973).