**J.W.T., INCORPORATED, Plaintiff,**

v.

**JOSEPH E. SEAGRAM & SONS, INC., et al., Defendants.**

**No. 72 C 441.**

United States District Court,
N. D. Illinois, E. D.

Sept. 14, 1972.

Allen H. Schultz, Chicago, Ill., for plaintiff.

Patrick W. O'Brien, Douglas J. Parry, Mayer, Brown & Platt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises on the motions of certain Seagram defendants to dismiss. The motions are granted.

J.W.T. has sued Joseph E. Seagram & Sons, Inc., nine of its unincorporated sales divisions, the House of Seagram, Inc. (hereinafter the "suppliers"), seven distributors of Seagram's products (hereinafter the "distributors") and eleven of the suppliers' officers (hereinafter the "individual defendants") for alleged violations of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2. Specifically, J.W.T. claims that the suppliers fixed prices on alcoholic beverages sold to the distributors, and that the suppliers and distributors fixed prices on alcoholic beverages sold to retailers.

Defendant House of Seagram, Inc. moves to dismiss on the ground that it was merged into Joseph E. Seagram & Sons, Inc. more than two years before this suit was brought and plaintiff's cause of action against it was extinguished by Ill.Rev.Stat. ch. 32, §§ 157.94, 157.103. Under Illinois law, J.W.T.'s claim is against the surviving corporation; the complaint therefore will be dismissed as to House of Seagram, Inc. Ill.Rev.Stat. ch. 32, §§ 157.-69(b), 163a41(e).

Seagram's nine unincorporated sales divisions (hereinafter the "divisions") move to dismiss on the ground that such intra-corporate entities do not have the capacity to contract, combine or conspire under the antitrust laws. In the absence of false representations of independence of, and competition among, sister subsidiaries, intra-corporate conspiracy theories generally have been rejected by the courts. Cliff Food Stores, Inc. v. Kroger, Inc., 417 F.2d 203, 206 (5th Cir. 1969); Joseph E. Seagrams & Sons, Inc. v. Hawaiian Oke & Liquors, Ltd., 416 F.2d 71, 82–84 (9th Cir. 1969), cert. denied, 396 U.S. 1062, 90 S.Ct. 752, 24 L.Ed.2d 755 (1970). This Court sees no basis for a departure from the general rule in the case of the Seagram divisions here, and they will be dismissed.

The individual defendants have moved to quash service and to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, for failure to state a claim. Since the Court finds venue to be improper, defendants' other grounds will not be discussed.

J.W.T. does not predicate venue on the venue provision of the Clayton Act, 15 U.S.C. § 15, but rather upon the general venue statute, 28 U.S.C. § 1391(b). J.W.T. argues that venue is proper under Section 1391(b) because

the claim arose here, relying upon ABC Great States, Inc. v. Globe Ticket Co., 310 F.Supp. 739 (N.D.Ill. 1970). However, that case does not help plaintiff; it holds that venue as to each defendant must be established independently. *Id.* at 743. J.W.T. has made no such showing. The complaint alleges concerted action among the suppliers and distributors, but it alleges no acts or courses of conduct by the individual defendants in this district. Therefore, the complaint must be dismissed as to them.

The complaint will be dismissed with prejudice as to House of Seagram, Inc. and its individual divisions, and without prejudice as to the individual defendants. Plaintiff may amend its complaint to revive its claim against the individual defendants if the requisite contacts with this district are found through discovery or otherwise.

It is so ordered.