**Ira WRIGHT and Mary Sue Wright**

v.

**CAREY CANADIAN MINES, LTD., et al.**

**Civ. A. No. 81–2484.**

United States District Court,
E. D. Pennsylvania.

Sept. 17, 1981.

Anthony S. Minisi, M. Richard Komins, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for North American Asbestos Corp., defendant.

Kenwyn M. Dougherty, Post & Schell P. C., Philadelphia, Pa., for Bell Asbestos Mines, Ltd., defendant.

## MEMORANDUM

GILES, District Judge.

Defendant North American Asbestos Corporation ("NAAC") has filed a motion, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 17(b), requesting the court to enter an Order dismissing plaintiffs' complaint and defendants' cross-claims against it. NAAC argues that it is a dissolved corporation and consequently lacks the capacity to be sued in federal court. Defendant Bell Asbestos Mines, Ltd. ("Bell") opposes the motion of NAAC, alleging that the corporation was dissolved for the purpose of avoiding future liability for claims arising from its sale and distribution of asbestos fiber. Bell further alleges that Continental Products Corporation ("Continental") was created and incorporated almost contemporaneously with NAAC's dissolution in order to continue the business of the latter. Bell therefore contends that NAAC's motion to dismiss should be denied. For the reasons set forth below, NAAC's motion is granted.

Most of these issues have been dealt with by Judge McGlynn in *Billiops v. Carey Canadian Mines, Ltd.*, C.A. No. 81–49 (E.D.Pa. May 6, 1981), in which an identical motion was denied. A corporation's capacity to be sued is governed by the law of the state in which it was organized. NAAC was organized under Illinois law, which bars an action against a corporation brought more than two years after its dissolution. Ill.Ann.Stat. ch. 32, § 157.94 (Smith-Hurd

Supp. 1980–1981).[1] The instant suit was filed in excess of two years after the date of NAAC's dissolution; thus, absent some provision in Illinois law permitting the circumvention of the plain language of section 157.94, this action must be dismissed.

Bell argues that since NAAC was dissolved for the sole purpose of avoiding product liability and shortly thereafter was reincorporated as Continental, NAAC may be sued notwithstanding the expiration of the Illinois remedy-survival statute. In support of its argument, Bell relies upon *Knapp v. North American Rockwell Corp.*, 506 F.2d 361 (3d Cir. 1974), in which a successor corporation was held liable for injuries resulting from a defective machine manufactured and sold by its dissolved predecessor. *Knapp*, however, is wholly inapposite to the instant situation in which Bell seeks to sue not the successor corporation, Continental, but its dissolved predecessor, NAAC. In *Knapp* itself, the court noted that suit against the predecessor corporation was barred by the expiration of Pennsylvania's remedy-survival statute. 506 F.2d at 363 n.3. *See also J.W.T., Inc. v. Joseph E. Seagram, Inc.*, 347 F.Supp. 965, 966 (N.D.Ill.1972), (holding that Section 157.94 applied to bar suit against corporation which had merged into parent corporation more than two years before suit was brought).

■ Bell's allegation of fraud in the dissolution of NAAC does not affect the result here. Section 157.94 has been consistently applied to bar suit without regard to the circumstances of the corporation's dissolution. There is no basis in the statute or case law for creating an exception to the clear mandate of the statute. *O'Neill v. Continental Illinois Co.*, 341 Ill.App. 119, 136, 93 N.E.2d 160, 168 (1950).

An appropriate order follows.

1. Section 157.94 provides in pertinent part:
   The dissolution of a corporation ... by the issuance of a certificate of dissolution by the Secretary of State ... shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, or any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.